## HOWE *v.* MOORE.

*(Supreme Court, General Term, First Department. April 17, 1891.)*

1. BREACH OF CONTRACT—ACTION.

   In an action for failure to accept goods manufactured to defendant's order the fact that the goods were unfinished in slight and trifling particulars on account of defendant's refusal to take the same constitutes no sufficient defense.

2. NECESSITY OF TENDER.

   A tender of goods manufactured to the defendant's order, which the defendant refuses to accept, is not necessary to sustain an action against him for non-acceptance.

Appeal from circuit court, New York county.

Action by Samuel E. Howe against Thomas M. Moore to recover damages for failure to accept goods manufactured to the defendant's order. There was a judgment for the plaintiff, and the defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*John B. Whiting,* for appellant. *Wm. McMichael,* for respondent.

VAN BRUNT, P. J. This action was brought to recover for goods alleged by the plaintiff to have been manufactured by him for the defendant pursuant to his orders, and which he has declined to receive. The action was tried by the court without a jury, and from a judgment entered upon a decision of the court in favor of plaintiff this appeal is taken. The appellant claims that

the undisputed evidence shows that the plaintiff never fully completed the goods, and was not ready to deliver them; that they were never tendered; that the order of the defendant was never complied with; and that the original agreement was superseded by a new agreement made nearly two years later. The contract in question was entered into in the summer of 1882, by correspondence, and the parties did not meet until two years after, in the summer of 1884, so that, unless their rights were affected by what took place between the parties in 1884, the facts are to be sought for almost entirely from the correspondence. It appears that the plaintiff was the manufacturer of the wood-work for agricultural implements, having his manufactory and place of business at Logansport, Ind., and that the defendant was a dealer in agricultural implements in the city of New York. On the 27th of July, 1882, the defendant wrote the plaintiff as follows: "At prices and terms as last year you may enter our order for [here follows description of goods] say 5 car-loads in all. You may ship same, say 2 car-loads, assorted, in each September and October, and one car-load in November; all the Kelly woods to be in last car. * * * Please let us hear from you by return mail." On July 29, 1882, the plaintiff acknowledged the receipt of defendant's letter of July 27th, and says: "It is so late we fear we shall have trouble to get seasoned stock for your first shipment. Will look around, and advise you of result in a few days." On July 31st the defendant answered, and among other things asked: "If you cannot fill my order at times named, how near can you come to it?" And on the 19th of August, 1882, the plaintiff wrote the defendant: "We have purchased sufficient dry lumber to make your stocks, and will endeavor to have them all in time." The plaintiff commenced shipping, and after shipping two car-loads prior to November 4, 1882, on that day shipped another car-load, and shortly after on the same day received a letter from the defendant dated November 2, 1882, as follows: "* * * First car is all we have received to date. The car you speak of as having ready, please do not ship before December 1st. We are greatly crowded for room, and want no more goods prior to the middle of December." On December 2d the plaintiff, having heard nothing further from the defendant, shipped the fourth car-load, which the defendant refused to receive, and on January 3, 1883, wrote as follows to the plaintiff: "Yours 28th ult. at hand. When the car of stock came to hand we simply had no room to take them in, and so informed the R. R. agt. We were surprised at you shipping them, as we had advised you to hold until ordered forward." The plaintiff then wrote that he had received no instructions to hold until ordered forward, but to hold until December 1st. The plaintiff then received from defendant a letter dated February 28th, stating that he did not care for any more goods the present season. In reply the plaintiff stated that they had nearly one car that had been furnished for his order and awaiting shipment for several months past, and offered to store the goods for the defendant. In January, 1884, the plaintiff wrote defendant in respect to this matter, stating, among other things, that they had not on hand a small part of the order, but that he had the material ready to turn them out on short notice if needed. Upon the trial the plaintiff swore that this statement in the letter was a mistake, and explained how it arose, and that he had the goods ready for delivery as ordered. It also appeared that perhaps some slight work was to be done upon the goods to prepare them for shipment, and which was not done because the defendant refused to receive them, but that they were substantially completed. There was other evidence, however, showing that these goods were entirely completed. The claim that the goods in question were never completed is established by undisputed evidence is not only without foundation, but there is ample evidence in the depositions of Cummings and Brant that they were finished. In any event the things to be done were trifling in amount, and may not have been entirely finished because the defendant had refused to take the same. The claim that the learned

judge who tried the cause erred in finding a tender of the goods is without foundation. The defendant was directed to hold the goods until further orders, and was subsequently informed by the defendant that he would not take them. The plaintiff urged the defendant to take them, who refused. There was no necessity to make a formal tender when there has been a refusal to receive. As to the claim that it was error to refuse to find that the defendant gave no instructions as to the fifth or last car-load until February 28, 1883, it might be sufficient to say that the court was not bound to find want of evidence or evidence, and this is all that the request called for, but in fact it was opposed to the facts proven by the correspondence as we understand it. The claim that plaintiff did not comply with order in distribution of goods is evidently an after-thought. No such claim was made when goods were received. The evidence of the plaintiff disposes of the idea that any new arrangement was made in the summer of 1884, and accords with the probabilities of the case. There do not seem to be any errors calling for a reversal of the judgment, and it should be affirmed, with costs.